Filed 10/24/25  P. v. Vallier CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EARL VALLIER,<br><br>    Defendant and Appellant. | B340304<br><br>Los Angeles County<br>Super. Ct. No. BA453297 |

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

In 2018, Earl Vallier pleaded no contest to one felony count of second degree robbery (Pen. Code, § 211) and admitted he had personally used a firearm during the robbery (Pen. Code, § 12022.53, subd. (b)) and he had suffered a prior conviction for a

strike offense (Pen. Code, §§ 667, subds. (a)(1), 1170.12). The trial court sentenced him to a total of 21 years in prison.

Vallier appealed.  One of his claims was that, though the trial court sentenced him to the agreed upon number of years, it did not use the agreed upon calculation.  (*People v. Vallier* (Aug. 20, 2020, B299428 [nonpub. opn.] (*Vallier I*)).  We remanded solely for resentencing consistent with the plea.  (*Ibid*.)

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) added subdivision (c) to section 1385. (Stats. 2021, ch. 721, § 1.) This amendment generally favors dismissing sentencing enhancements and lists relevant mitigating circumstances.

Vallier again appealed his sentence based on this change in the law.  We remanded the case to the trial court to apply the law.  (*People v. Vallier* (Aug. 21, 2023, B318167 [nonpub. opn.]).  The trial court resentenced Vallier, which resulted in a reduced sentence of 16 years.  Vallier now appeals the result of that resentencing.

Vallier's appellate counsel filed an opening brief raising no issues and asking this court to review the record independently under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel also advised Vallier of his right to file a supplemental brief for us to consider.

Vallier filed a supplemental brief in which he claimed he had not understood his original plea deal, specifically that pleading guilty to the prior strike would increase his sentence. He also challenged the fact he received the high, and not the low or middle, term for the gun enhancement to which he also pleaded.

These claims are without merit. The reporter's transcript of the hearing on April 16, 2018 shows the trial court and Vallier's trial counsel clearly explained the counts and aggravating factors to which Vallier pleaded, along with the calculation of the sentence to which he agreed, including the total number of years. His first appeal specifically requested the court be directed to recalculate his sentence as explained to him at that hearing. (See *Vallier I*, supra.) He may not complain now he did not know the aggravating factors would increase the sentence, or that he received the upper term for one of the factors.

We have examined the entire appellate record. We are satisfied counsel fully complied with his responsibilities and no arguable issues exist. (See *Wende, supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

We affirm.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.